**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Alphonso McDuffy**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Tow Mate Towing, LLC**, an Arizona Limited Liability Company, and **Michael Butler and Jane Doe Butler**, | |
| Defendants. | |

Plaintiff, Alphonso McDuffy ("Plaintiff" or "McDuffy"), sues the Defendants, Tow Mate Towing, LLC ("Tow Mate"), and Michael Butler and Jane Doe Butler, (collectively "Defendants"); and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § Title 23, Chapter 8; and the Arizona Wage Act ("AWA"), A.R.S. § 23-351, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**<u>JURISDICTION AND VENUE</u>**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Tow Mate Towing, LLC was an Arizona limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Tow Mate Towing, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      At all relevant times, Defendant Tow Mate Towing, LLC owns and operates as a company that repossessing vehicles.

10.     Under the FLSA, Defendant Tow Mate Towing, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Tow Mate Towing, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant Tow Mate Towing, LLC in relation to the company's employees, Defendant Tow Mate Towing, LLC is subject to liability under the FLSA.

11.     Defendants Michael Butler and Jane Doe Butler are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Michael Butler and Jane Doe Butler are owners of Defendant Tow Mate Towing, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Michael Butler and Jane Doe Butler are employers under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Michael Butler and Jane Doe Butler had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Michael Butler and Jane Doe Butler are subject to individual liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

# FACTUAL ALLEGATIONS

27.     Defendants own and/or operate as Tow Mate Towing, an enterprise located in Maricopa County, Arizona.

28.     Plaintiff was hired by Defendants in approximately August 2021, and Plaintiff worked for Defendants until approximately December 2021.

29.     At all relevant times, in his work for Defendants, Plaintiff worked as a tow truck driver and his job duties included driving tow truck and transporting vehicles with the tow truck.

30.     Upon information and belief, Defendants, in their sole discretion, agreed to pay Plaintiff $15.00 per hour, regardless of the number of hours he worked in a given workweek.

31.     After approximately one month, Defendants changed his rate of pay to be on a per tow basis.

32.     In his work for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek.

33.     Plaintiff typically worked in excess of 60 hours per week for Defendants.

34.     Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

35.     Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

36.     In his work for Defendants, and throughout his entire employment with Defendants, Plaintiff was not compensated $684 per week on a salary basis.

37.     Plaintiff, in his work for Defendants, was subject to a policy and practice of having varying amounts of weekly pay based on quality or quantity of work.

38.     Defendants controlled Plaintiff's schedules.

39.     In his work for Defendants, Plaintiff used vehicles and equipment owned by Defendants.

40.     At all relevant times, Plaintiff was economically dependent on Defendants.

41.     The following further demonstrate that Plaintiff was an employee:

        a.      Defendants had the exclusive right to hire and fire Plaintiff;

        b.      Defendants made the decision not to pay overtime to Plaintiff;

        c.      Defendants supervised Plaintiff and subjected him to Defendants' rules;

        d.      Defendants required Plaintiff to wear their uniform;

        e.      Plaintiff had no opportunity for profit or loss in the business;

        f.      The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

        g.      Plaintiff was hired as a permanent employee, working in exess of 60 hours per week for several months;

        h.      Plaintiff had no right to refuse work assigned to him by Defendants;

        i.      Defendants refused to allow him to work for other towing companies.

42.     At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

43.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

44.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

45.     During Plaintiff's final week of work for Defendants, Plaintiff worked approximately 72 hours for Defendants.

46.     Defendants refused to give Plaintiff his final paycheck.

47.     As a result of failing to pay Plaintiff his final paycheck, Defendants failed to compensate Plaintiff any wages whatsoever for his final week of work for Defendants.

48.     As a result, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his final workweek.

49.     Additionally, during his employment, Defendants only compensated Plaintiff at his hourly rate during the times that he was actually performing a tow.

50.     At times when Plaintiff was not making a tow, Defendants did not compensate Plaintiff for such hours, even though Plaintiff was required to be ready to travel to any tow that may come in.

51.     As a result, during these times, Plaintiff was engaged by Defendants to wait for tow calls to come in.

52.     As a result of Defendants failing to pay Plaintiff for all hours worked, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked throughout his employment with Defendants.

53.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

54.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

55.     As a result of Defendants' willful failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

56.     Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

57.     Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff overtime for all hours worked in a given workweek.

58.     Plaintiff was a non-exempt employee.

59.     At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

60.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his

employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA, the AMWA, and the AWA.

61.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

62.     Plaintiff is a covered employee within the meaning of the FLSA.

63.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

64.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

65.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at

1   trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon,

2   and his costs incurred under A.R.S. § 23-355.

3

4

5

6

7                    **COUNT ONE: FAIR LABOR STANDARDS ACT**
                     **FAILURE TO PAY OVERTIME**
8

9        68.    Plaintiff realleges and incorporates by reference all allegations in all

10  preceding paragraphs.

11       69.    Plaintiff was a non-exempt employee entitled to statutorily mandated

12  overtime wages.
13

14       70.    In a given workweek, Defendants failed to pay one and one-half times the

15  applicable regular rate of pay for all hours worked in excess of 40 hours.

16       71.    As a result of Defendants' failure to pay Plaintiff one and one-half times his

17
    regular rate for all hours worked in excess of 40 per week in a given workweek,
18

19  Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours

20  worked for the duration of his employment, in violation of 29 U.S.C. § 207.

21       72.    As a result of Defendants' willful failure to compensate Plaintiff the

22  applicable overtime rate for all hours worked, Defendants violated the FLSA.
23

24       73.    As such, the full applicable overtime rate is owed for all hours that Plaintiff

25  worked in excess of 40 hours per week.

26

27

                                    -11-

74.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

75.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

76.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Alphonso McDuffy, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants committed one of
        more of the following acts:

   i.      Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a),
           by failing to pay proper minimum wages;

   ii.     Willfully violated overtime wage provisions of the FLSA, 29 U.S.C.
           § 207(a) by willfully failing to pay proper overtime wages;

B.      For the Court to award Plaintiff's unpaid overtime wage damages, to be
        determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

77.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.      As a result of failing to pay Plaintiff his final paycheck and failing to pay Plaintiff for all hours worked throughout his employment, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

79.      Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

80.      Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Alphonso McDuffy, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     As a result of failing to pay Plaintiff his final paycheck and failing to pay Plaintiff for all hours worked throughout his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

83.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

84.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Alphonso McDuffy, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendant committed one of more of the following acts:

   i.    Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

   ii.    Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     As a result of the allegations contained herein, Defendants did not compensate all Plaintiff wages due and owing to him.

87.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

88.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

89.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

90.     Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Alphonso McDuffy, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 25th day of February 2022.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

-17-

1

2

## **VERIFICATION**

3

Plaintiff, Alphonso McDuffy, declares under penalty of perjury that he has read

4

the foregoing Verified Complaint and is familiar with the contents thereof.  The matters

5

asserted therein are true and based on his personal knowledge, except as to those matters

6

stated upon information and believe, and, as to those matters, he believes them to be true.

7

8

9


Alphonso Mcduffy (Feb 25, 2022 10:43 MST)

10

Alphonso McDuffy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-18-